**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

JEFFREY GIBSON,

      Plaintiff,

      v.

PENNSYLVANIA PUBLIC
UTILITIES COMMISSION, et al.,

      Defendants.

CIVIL ACTION NO. 1:15-cv-00855

(KANE, J.)
(SAPORITO, M.J.)

## REPORT AND RECOMMENDATION

In this *in forma pauperis* civil action, *pro se* plaintiff Jeffrey Gibson claims that defendant United Water PA has been making tens of thousands of Pennsylvania residents sick by installing microwave transponders on their water meters. A previous *in forma pauperis* federal civil action in this Court concerning this same claim against United Water PA was dismissed with prejudice as factually and legally frivolous. *See Gibson v. In-Line Inc.*, Case No. 1:13-cv-02515 (M.D. Pa. Sept. 9, 2014) (dismissal order).[1] Shortly after that dismissal, Gibson apparently filed a

---

[1] Gibson has a lengthy history of frivolous litigation. *See Gibson v. President of U.S.*, No. 1:13-cv-01904, 2013 WL 3946824, at *6 (M.D. Pa. Aug. 1, 2013); *Gibson v. U.S. Supreme Court Clerk*, Civil No. 1:10-CV-2348, 2010 WL 5088232, at *1 (M.D. Pa. Nov. 16, 2010); *Gibson v. Scirica*, *(continued on next page)*

formal complaint based on the same allegations with the Pennsylvania Public Utility Commission ("PUC"). *See Gibson v. United Water Bethel*, Docket No. C-2014-2445065 (Pa. Pub. Util. Comm'n filed Sept. 29, 2014).[2] A hearing before an administrative law judge ("ALJ") of the PUC was scheduled to take place on January 7, 2015, but Gibson failed to appear because he was reportedly unable to find the building where the hearing was being held, and he subsequently wrote a letter to the ALJ advising that he would not attend another hearing. The ALJ ordered United Water PA to file an answer to the letter, which it did on February 2, 2015. An initial decision by the ALJ in the PUC proceedings remains pending.

Gibson now comes before this Court, "invoking United States constitutional marshal status" and a "United States citizen warrant," to request an order by this Court directing the PUC ALJ to order United Water PA to remove all microwave transponders installed in up to 100,000 customer homes during 2014.

---

2010 WL 2160692, at *4 (M.D. Pa. May 21, 2010).

[2] *See generally* http://www.puc.state.pa.us/about_puc/consolidated_ case_view.aspx?Docket=C-2014-2445065 (online case docket for PUC proceedings). This administrative case information is a matter of public record of which the Court may properly take judicial notice in dismissing this action. *See* Fed. R. Evid. 201; *Golden v. Cook*, 293 F. Supp. 2d 546, 551 (W.D. Pa. 2003).

The matter is ripe for dismissal as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.   SECTION 1915(E)(2) STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss an action brought *in forma pauperis* if it is "frivolous or malicious." See 28 U.S.C. § 1915(e)(2)(B)(i). Under this statute, an *in forma pauperis* action may be dismissed *sua sponte* for frivolousness or maliciousness "at any time," before or after service of process. *See* 28 U.S.C. § 1915(e)(2); *Walker v. Sec. Office of SCI Coal Twp.*, Civil No. 3:CV-08-1573, 2010 WL 1177338, at *4 (M.D. Pa. Mar. 25, 2010).

An action is "frivolous where it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Thomas v. Barker*, 371 F. Supp. 2d 636, 639 (M.D. Pa. 2005). To determine whether it is frivolous, a court must assess a complaint "from an objective standpoint in order to determine whether the claim is based on an indisputably meritless legal theory or clearly baseless factual contention." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)); *Thomas*, 371 F. Supp. 2d at 639.

Factual allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." *See Denton*, 504 U.S. at 32–33. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. A district court is further permitted, in its sound discretion, to dismiss a claim "if it determines that the claim is of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch*, 67 F.3d at 1089.

An action is malicious when it evidences subjective intent by the plaintiff at the time of filing "to vex, injure or harass the defendant." *Id.* at 1086; *Abdul-Akbar v. Dep't of Corr.*, 910 F. Supp. 986, 999 (D. Del. 1995). "A complaint is 'malicious' when it contains allegations which the plaintiff knows to be false, it is part of a longstanding pattern of abusive and repetitious lawsuits, or it contains disrespectful or abusive language." *Trader v. R.S.*, Civil Action No. 11-0039, 2011 WL 1666931, at *2 (E.D. Pa. May 2, 2011); *see also Abdul-Akbar*, 910 F. Supp. at 999.

The *in forma pauperis* statute further mandates that a court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C.

§ 1915(e)(2)(B)(ii). "The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2) is the same as that for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)." *Brodzki v. Tribune Co.*, 481 Fed. App'x 705, 706 (3d Cir. 2012) (per curiam). Rule 12(b)(6), in turn, authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs,*

*Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II.   DISCUSSION

The gravamen of Gibson's present complaint is that United Water PA has installed microwave transponders on water meters in up to 100,000 customer homes or buildings in Pennsylvania, that the microwave transmissions from these transponders are harmful and cause people to get sick or die, that the installation and use of these microwave transponders is in violation of federal communications laws or regulations, and that the PUC has failed to enforce these federal laws in permitting United Water PA to continue to install and use the microwave transponders. Gibson requests an order from this Court directing the PUC to enter an order in the state administrative proceedings that complies with Gibson's understanding of the federal communications laws, *viz.*, an order directing United Water PA to remove all microwave transponders it has installed in Pennsylvania.

### A. Claims against United Water PA

With respect to Gibson's claims against United Water PA, this action should be dismissed as both frivolous and malicious.

Gibson's claims against United Water PA are barred by the doctrine

of res judicata. Under this doctrine, a claim is barred where three circumstances are present: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991).

With respect to the first factor, Gibson's prior *in forma pauperis* suit against United Water PA was dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Gibson v. In-Line Inc.*, Case No. 1:13-cv-02515 (M.D. Pa. Sept. 9, 2014) (dismissal order). "Although a § 1915[(e)(2)(B)(i)] dismissal does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint, a § 1915[(e)(2)(B)(i)] dismissal has res judicata effect 'on frivolousness determinations for future *in forma pauperis* petitions.'" *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (per curiam) (quoting *Denton*, 504 U.S. at 34); *see also Priovolos v. Schultz*, Civ. A. No. 91-0387, 1991 WL 129863, at *1 n.1 (E.D. Pa. July 12, 1991) ("For purposes of claim preclusion, a dismissal as frivolous under § 1915[(e)(2)(B)(i)] is tantamount to a disposition on the merits.") (internal quotation marks omitted). Thus, the first *Lubrizol* factor has been satisfied in this case.

With respect to the second factor, United Water PA was a named defendant in the prior federal action before this Court. *See Gibson v. In-Line Inc.*, Case No. 1:13-cv-02515 (M.D. Pa. Sept. 9, 2014) (dismissal order). Moreover, under this factor, it is not necessary for the full roster of named defendants in each action to be identical. *See Coggins v. Carpenter*, 468 F. Supp. 270, 280 (E.D. Pa. 1979) ("Res judicata operates to bar a subsequent action . . . even though the subsequent action names fewer or more parties than the previous action."). Thus, the second *Lubrizol* factor has been satisfied in this case.

Finally, with respect to the third factor, in determining whether a subsequent suit concerns the same cause of action as an earlier one, the analysis does not rest on the specific legal theories invoked, but rather it turns on "the essential similarity of the underlying events giving rise to the various legal claims." *Davis v. U.S. Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982). In conducting this inquiry, the analysis focuses on "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." *Lubrizol*, 929 F.2d at 963 (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d

Cir. 1984)). Moreover, res judicata bars not only claims that were actually brought in the previous action, but also claims that, "although not litigated, *could have been raised* in the earlier proceeding." *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999) (emphasis in original). In both his previous and present federal lawsuits, Gibson has claimed that United Water PA has installed microwave transponders in its customers' homes and workplaces, and that the microwave transmissions from these devices cause people to get sick or die. The only appreciable difference is that Gibson now claims that the PUC is complicit in this allegedly illegal activity by permitting United Water PA to install the devices in violation of unspecified federal communications laws. Thus, the third *Lubrizol* factor has been satisfied in this case.

Accordingly, having satisfied all three *Lubrizol* factors, Gibson's claims against United Water PA in this federal civil action are barred by the doctrine of res judicata. *In forma pauperis* claims barred by res judicata are properly dismissed as both frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B)(i). *See McCool v. Snyder County*, Civil Action No. 4:CV-11-1038, 2014 WL 2930648, at *9 (M.D. Pa. June 27, 2014) (malicious); *Singer v. Bureau of Prof'l & Occupational Affairs*, Civil Action

No. 3:CV-13-3059, 2014 WL 2048159, at *10 (M.D. Pa. May 16, 2014) (frivolous); *Maysonet v. Corp. Entity of Corr. Institution Greene*, Civil Action No. 14-654, 2014 WL 4262199, at *6 (W.D. Pa. Aug. 27, 2014 (frivolous); *Messa v. Allstate Ins. Co.*, 897 F. Supp. 876, 878 (E.D. Pa. 1995) (frivolous).

### B. Claims against the Public Utility Commission

With respect to Gibson's claims against the PUC, this action should be dismissed as frivolous and for failure to state a claim.

As a threshold matter, this Court has previously advised Gibson that both "constitutional marshal status" and a "citizen warrant" are "unknown in the laws of the United States," and "grounded more in the fantasy than reality." *Gibson v. President of U.S.*, No. 1:13-cv-01904, 2013 WL 3946824, at *1 n.1, *2 (M.D. Pa. Aug. 1, 2013). To the extent Gibson seeks relief on the basis of either "constitutional marshal status" or a "citizen warrant," his complaint clearly lacks any arguable basis in law and thus is frivolous.

A federal court, however, is obligated to liberally construe the filings of *pro se* litigants such as Gibson. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013). Gibson's request that this Court order the state ALJ to enter an order in the PUC proceedings

directing United Water PA to remove the microwave transponders it has installed in its customers' homes is in the nature of a petition for a writ of mandamus.[3] Under 28 U.S.C. § 1361, a federal district court is granted "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." But the state ALJ is not an officer or employee of the United States, and the PUC is not an agency of the United States. Under § 1361, this Court lacks the authority to direct a *state* agency or officer to perform its duties in accordance with the plaintiff's wishes. *In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam); *see also In re Woodall*, 578 Fed. App'x 73, 74 (3d Cir. 2014) (per curiam); *May v. Justices*, No. 1:07cv413, 2007 WL 5040682, at *1 (E.D. Va. May 1, 2007). Therefore, to the extent Gibson's claim against the PUC might be construed as a petition for a writ of mandamus, his complaint fails to state a claim upon which relief can be granted.

Gibson's complaint suggests that United Water PA's installation and use of microwave transmitters, as permitted by the PUC, is in violation of

---

[3] A writ of mandamus is "[a] writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly." *Black's Law Dictionary* 973 (7th ed. 1999).

federal communications laws. But "[u]nless some statute authorizes a general private right of action to enforce FCC regulations, there is none." *Bernas v. Cablevision Sys. Corp.*, 215 Fed. App'x 64, 67 (2d Cir. 2007); *Ibarra v. W.Q.S.U. Radio Broad. Org.*, Case No. 4:06-CV-195, 2006 U.S. Dist. LEXIS 97642, at *7 (M.D. Pa. Mar. 8, 2006) ("[A]ny failure to comply with the federal communications laws on the part of the defendants must be addressed by the F.C.C., the governing regulatory agency, and not the courts."). The complaint fails to identify any statute that authorizes Gibson to bring a private civil action to enforce the federal communications laws. Therefore, to the extent Gibson's claim against the PUC might be construed as a civil action under federal communications laws, his complaint fails to state a claim upon which relief can be granted.

Finally, Gibson's claim against the PUC might be liberally construed as a request for prospective injunctive relief under 42 U.S.C. § 1983. Section 1983 provides a private cause of action with respect to violation of federal constitutional rights. The statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

> Constitution and laws, shall be liable to the party injured
> in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 claim, a plaintiff must establish that a defendant, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

Gibson refers to several constitutional provisions in his complaint in support of his attempt to invoke "constitutional marshal status." First, he references the Natural Born Citizen Clause of the United States Constitution. U.S. Const. Art. II § 1, cl. 4.[4] But there is no cognizable private right of action under § 1983 for an alleged violation of the Natural Born Citizen Clause. *Berg v. Obama*, 574 F. Supp. 2d 509, 522–23 (E.D.

---

[4] Gibson actually cites "clause 5," which is what this clause was originally designated until former clause 3, concerning presidential electors, was superseded by ratification of the Twelfth Amendment in 1804. This clause was re-designated as "clause 4" when the former clause 3 was superseded. *See* U.S.C.A. Const. Art. II § 1, cl. 3 historical notes (West 2015); U.S.C.A. Const. Art. II § 1, cl. 4 historical notes (West 2015); U.S.C.A. Const. Amend XII historical notes (West 2015).

Pa. 2008), *aff'd*, 586 F.3d 234 (3d Cir. 2009). Therefore, to the extent Gibson seeks to assert a federal civil rights claim based on the Natural Born Citizen Clause, his complaint fails to state a claim upon which relief can be granted.

Second, Gibson references the Privileges and Immunities Clause of Article IV. U.S. Const. Art. IV § 2, cl. 1. But this clause is intended to prevent a state from discriminating against residents of other states in favor of its own citizens. *Lutz v. City of York*, 899 F.2d 255, 262 (3d Cir. 1990); *DeFeo v. Sill*, 810 F. Supp. 648, 655 (E.D. Pa. 1993). Its protection is available only to out-of-state residents. *Stevenson v. Town of Oyster Bay*, 433 F. Supp. 2d 263, 267–68 (E.D.N.Y. 2006). Gibson is a resident of Pennsylvania and thus simply cannot plausibly allege that the PUC, a Pennsylvania state agency, discriminated against him because of his *out-of-state* residency. *See DeFeo*, 810 F. Supp. at 655; *Colandrea v. Town of Orangetown*, 490 F. Supp. 2d 342, 349 (S.D.N.Y. 2007); *Stevenson*, 433 F. Supp. 2d at 268. Therefore, to the extent Gibson seeks to assert a federal civil rights claim based on the Privileges and Immunities Clause of Article IV, his complaint fails to state a claim upon which relief can be granted.

Third, Gibson references the Fourth Amendment, which protects the

people from unreasonable searches and seizure by the government. U.S. Const. Amend. IV. None of the scant facts alleged in the complaint touches on a governmental "search" or "seizure" of any kind. Therefore, to the extent Gibson seeks to assert a federal civil rights claim based on the Fourth Amendment, his complaint fails to state a claim upon which relief can be granted.

Fourth, Gibson references the Ninth Amendment, which provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. Amend. IX. But "the Ninth Amendment refers only to unenumerated rights, while claims under § 1983 must be premised on specific constitutional guarantees." *Bussey v. Phillips*, 419 F. Supp. 2d 569, 586 (S.D.N.Y. 2006); *see also Perry v. Lackawanna County Children & Youth Servs.*, 345 Fed. App'x 723, 726 (3d Cir. 2009) (per curiam); *Nicolette v. Caruso*, 315 F. Supp. 2d 710, 718 (W.D. Pa. 2003). "[The Ninth Amendment] is a rule of construction applied to the other provisions of the Constitution." *Clayworth v. Luzerne County*, Civil Action No. 3:11-CV-254, 2011 WL 6055407, at *4 (M.D. Pa. Dec. 6, 2011). Therefore, to the extent Gibson seeks to assert a federal civil rights claim based on the Ninth

Amendment, his complaint fails to state a claim upon which relief can be granted.

Finally, Gibson references Section 1 of the Fourteenth Amendment, which the Court liberally construes as an attempt to state a due process claim. Based on the facts alleged by Gibson and his requested relief, the complaint may be construed to assert a claim that the PUC has unreasonably delayed the disposition of his administrative complaint.[5] *See, e.g.*, *Isaacs v. Bowen*, 865 F.2d 468, 477 (2d Cir. 1989) ("Of course delay can be so unreasonable as to deny due process, such as when it is inordinately long . . . ."); *Ross v. U.S. Postal Serv.*, 664 F.2d 191, 193 (8th Cir. 1981) (recognizing that lengthy delay in administrative adjudication could implicate a denial of due process, but finding none in the absence of any prejudice). But the PUC proceedings at issue in this case were initiated on September 29, 2014. A hearing was promptly held before an

---

[5] To the extent Gibson seeks to assert a due process claim with respect to any other aspect of the PUC administrative proceedings, such a claim is premature inasmuch as these state administrative proceedings remain pending and state court review on appeal remains available. *See Spradlin v. Borough of Danville*, 188 Fed. App'x 149, 151 (3d Cir. 2006) (per curiam) ("[A] due process claim does not accrue unless and until the State fails to provide due process. A plaintiff must take advantage of the processes that are on the books unless those processes are unavailable or patently inadequate.") (citation and internal quotation marks omitted).

ALJ on January 7, 2015. Gibson failed to appear for the hearing and he wrote to advise the ALJ that he would not attend another if rescheduled. His letter to the ALJ was construed as a post-hearing motion, and the respondent was given an opportunity to respond to the motion, which it did on February 2, 2015. Ninety-one days later, Gibson submitted his *in forma pauperis* complaint for filing in this action.

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV § 1. As a threshold issue, the Fourteenth Amendment only requires due process if a state interferes with a protected liberty or property interest. *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 459–60 (1993). The Pennsylvania Public Utility Code provides that an ALJ of the PUC "shall render a decision within 90 days after the record is closed." 66 Pa. C.S. § 332(g). This ninety-day period may be extended by the PUC for good cause for up to ninety additional days. *Id.* Moreover, this time period is *directory*, rather than mandatory. *See West Penn Power Co. v. Pub. Util. Comm'n*, 521 A.2d 75, 78 (Pa. Commw. 1987). As a result, the ninety-day period prescribed in § 332(g) does not itself give rise to any interest protected by the Due Process Clause. *See Walker v. Nelson*, 863 F. Supp.

1059, 1063 (D. Neb. 1994) (citing *Greenholtz v. Neb. Penal Inmates*, 442 U.S. 1, 13 (1979)). Mere failure to render a decision within the prescribed ninety-day period after the record was closed[6] is not a denial of due process. *See Buck v. Bd. of Educ.*, No. 71-C-954, 1972 WL 144, at *4 (E.D.N.Y. Feb. 14, 1972); *Geryville Materials, Inc. v. Lower Milford Twp. Zoning Hearing Bd.*, 972 A.2d 136, 139 (Pa. Commw. 2009). Gibson fails to allege any prejudice that has resulted from the ALJ's failure to issue an initial decision within ninety days after close of the record, and the delay alleged—one day beyond the merely hortatory ninety-day statutory period—is patently insufficient to establish an unreasonable delay. *See Anderson v. Bledsoe*, 511 Fed. App'x 140, 142 (3d Cir. 2013) (per curiam) (one-day delay in prison disciplinary hearing). Therefore, to the extent Gibson seeks to assert a due process claim under the Fourteenth Amendment, his complaint fails to state a claim upon which relief can be granted.

---

[6] This assumes, for the sake of argument, that the record was indeed closed on February 2, 2015, when United Water PA filed its response to Gibson's post-hearing letter-motion. There is nothing in the materials before this Court to confirm that it was closed that day, but it is clear that the record was closed no earlier than February 2, 2015.

### C.    Leave to Amend with Respect to the PUC

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, a district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). It is clear from the facts alleged by Gibson, the nature of the legal theories advanced in his complaint, and his long prior history of frivolous litigation that amendment would be futile. It is therefore recommended that Gibson be denied leave to file an amended complaint following dismissal.

### III.   RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that:

1.    The complaint (Doc. 1) be **DISMISSED** with respect to defendant United Water PA as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

2.    The complaint (Doc. 1) be **DISMISSED** with respect to defendant Pennsylvania Public Utility Commission as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); and

3.     The Clerk be directed to mark this case as **CLOSED**.


Dated: May 11, 2015                        ***s/  Joseph  F.  Saporito,  Jr.***
                                           JOSEPH F. SAPORITO, JR.
                                           United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY GIBSON,

      Plaintiff,

      v.

PENNSYLVANIA PUBLIC
UTILITIES COMMISSION, et al.,

      Defendants.

CIVIL ACTION NO. 1:15-cv-00855

(KANE, J.)
(SAPORITO, M.J.)

### <u>NOTICE</u>

NOTICE IS HEREBY GIVEN that the undersigned has entered the

foregoing Report and Recommendation dated May 11, 2015. Any party

may obtain a review of the Report and Recommendation pursuant to Local

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed
> findings, recommendations or report addressing a motion
> or matter described in 28 U.S.C. § 636(b)(1)(B) or making
> a recommendation for the disposition of a prisoner case
> or a habeas corpus petition within fourteen (14) days
> after being served with a copy thereof. Such party shall
> file with the clerk of court, and serve on the magistrate
> judge and all parties, written objections which shall
> specifically identify the portions of the proposed findings,
> recommendations or report to which objection is made
> and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A
> judge shall make a de novo determination of those
> portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: May 11, 2015                    **_s/ Joseph F. Saporito, Jr._**
                                       JOSEPH F. SAPORITO, JR.
                                       United States Magistrate Judge