IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY GIBSON,<br>      Plaintiff<br><br>      v.<br><br>PENNSYLVANIA PUBLIC UTILITIES<br>COMMISSION, <u>et</u> <u>al.</u>,<br>      Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  No. 1:15-cv-00855<br><br>(Judge Kane) |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On May 4, 2015, Plaintiff Jeffrey Gibson, proceeding <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u>, filed a perplexing complaint alleging that United Water PA is making Pennsylvania residents sick by installing microwave transponders on their water meters. (Doc. No. 1.) Noting that Plaintiff has a history of frivolous litigation – and further noting that a previous action bringing the exact same claims was previously dismissed as factually and legally frivolous – on May 11, 2015, Magistrate Judge Saporito issued a Report and Recommendation in which he recommends that the Court dismiss the complaint with prejudice as frivolous and close the case. (Doc. No. 6.) Objections were due by May 29, 2015. On May 18, 2015, Plaintiff sent a letter to the Court. (Doc. No. 7.) However, Plaintiff's letter consists solely of a copy of the second page of his initial complaint. (Doc. Nos. 1, 7.)

The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed finding and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a <u>de</u> <u>novo</u> determination of those portions of the Report

1

and Recommendation to which specific objections are made.  28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F. 2d 1099, 1106 n.3 (3d Cir. 1989).  However, where an objection is not specific, de novo review is not required.  Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) (citing Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984)).  Rule 72.3 of the Local Rules for the Middle District of Pennsylvania similarly provides that objections to the Report and Recommendation of a Magistrate Judge "shall specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections."  M.D. Pa. L.R. 72.3 (emphasis added).  Even allowing for Plaintiff's pro se status, the Court concludes that this letter in no way constitutes a specific objection to the recommended findings of Magistrate Judge Saporito that requires de novo review by this Court.  Further, the Court finds no error in the findings of Magistrate Judge Saporito.

    **ACCORDINGLY**, on this 18th day of June 2015, **IT IS HEREBY ORDERED THAT** Magistrate Judge Saporito's Report and Recommendation (Doc. No. 6) is **ADOPTED** and Plaintiff's complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE** as frivolous and malicious and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  The Clerk of Court shall close the case.

                                                      S/ Yvette Kane
                                                      Yvette Kane, District Judge
                                                      United States District Court
                                                      Middle District of Pennsylvania